UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY JANE JAMROG,

    Plaintiff,

v.
                                                      Case Number 09-12018-BC
                                                      Honorable Thomas L. Ludington

WAL-MART STORES EAST, L.P.,

    Defendant.
_____/

## OPINION AND ORDER DISMISSING ORDER TO SHOW CAUSE, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

Currently before the Court are Defendant's motion for summary judgment [Dkt. # 13] and Defendant's response to the Court's April 26, 2010 order to show cause [Dkt. # 19]. The response to the order to show cause indicates that Defendant has one general partner and one limited partner; both entities and citizens of Delaware and Arkansas but not Michigan. Accordingly, there is complete diversity and the order to show cause will be dismissed.

Defendant's motion for summary judgment was filed on February 19, 2010 and set for hearing on April 27, 2010 at 3:00 p.m. The hearing was initially canceled pending resolution of the jurisdictional issues. [Dkt. # 18]. Upon further review, the parties papers adequately set forth the factual and legal issues, making oral argument unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated in this opinion and order, the Defendant's motion for summary judgment will be granted and Plaintiff's claims will be dismissed with prejudice.

**I**

Plaintiff Mary Jane Jamrog and her friend Jack Suitor stopped at the Wal-Mart store on Brockway Street in Saginaw, Michigan on their way to church on Sunday May 4, 2008. They

walked through the entrance nearest the pharmacy to the back of the store to look at light fixtures. After five minutes perusing the fixture section, Plaintiff and Suitor turned around and retraced their steps to the doors nearest the pharmacy. As they approached the doors, they turned right to exit the store and Plaintiff slipped and fell, breaking bones in her right arm and left knee. Pl.'s Dep. at 41–49. Her injuries were serious and have required significant long-term medical care.

Plaintiff's March 23, 2009 complaint alleges that Defendant Wal-Mart Stores East, L.P., had a duty as a property owner to make its premises reasonably safe for business invitees, and that Defendant breached that duty by creating a dangerous condition that was hidden from view. Plaintiff's complaint alleges that Defendant negligently over-waxed its floors, making the floors unreasonably dangerous and causing Plaintiff's fall. Defendant filed an answer on June 23, 2009, denying the allegations of fault in Plaintiff's complaint.

Defendant filed a motion for summary judgment on February 19, 2010 [Dkt. # 13], contending that under Michigan law, Plaintiff must prove Defendant's actions caused her injury to prevail on either claim, and that mere speculation as to the cause of her injury is insufficient to withstand a motion for summary judgment. Defendant further contends that even if the floor was over-waxed and the over-waxing caused Plaintiff's injuries, it would still be entitled to summary judgment because it did not have notice of the condition despite its reasonable efforts to inspect the store. Plaintiff's March 11, 2010 response [Dkt. # 15] contends that the hazard was not open and obvious, and even if it were, "special aspects" of the hazard mean it is still actionable under Michigan law. Defendant filed a reply on March 25, 2010 [Dkt. # 16], emphasizing that it never raised an open and obvious defense and that a rebuttal of the irrelevant defense does not change its analysis of the claims. Defendant's reply brief also asserts that it did not breach any duty owed to

Plaintiff.

## II

A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant evidence, "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. Pro. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the opposing party does not raise genuine issues of fact and the record indicates the moving party is entitled to judgment as a matter of law, the court shall grant summary judgment. *Anderson*, 477 U.S. at 250.

The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other admissible evidence "on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## III

Property owners in Michigan owe a duty to business invitees "of maintaining [their] premises in a reasonably safe condition and of exercising due care to prevent and to obviate the existence of a situation, known to [the property owner] or that should have been known, that might result in injury." *Kroll v. Katz*, 374 Mich. 364, 371 (1965) (quoting *Torma v. Montgomery Ward & Co.*, 336 Mich. 468, 476–77 (1953)). The duty owed by property owners to invitees includes a duty to regularly inspect the property and to warn invitees of hazards the property owner knows of, should know of, or created. *See Kroll*, 374 Mich. at 371; *see also* 1 *Torts: Michigan Law and Practice* § 9.6 (Linda Miller Atkinson, et al., eds., 2008). The parties agree that when the fall occurred, Plaintiff was a business invitee of Defendant.

The elements of a premises liability cause of action are generally the same as a negligence action. To prevail, Plaintiff must demonstrate by a preponderance of the evidence that Defendant owed her a duty of care, Defendant breached that duty, the breach caused Plaintiff's injury, and damages resulted. *Moning v. Alfono*, 400 Mich. 425, 437 (1977); *Kennedy v. Great Atl. & Pac. Tea Co.*, 274 Mich. App. 710, 712 (2007) (citing *Jones v. Enertel, Inc.*, 254 Mich. App. 432, 436–37 (2002)). "Nonetheless, the invitor is not a guarantor of the invitees' safety; his only duty is to exercise reasonable care for their protection." *Bryant v. Brannen*, 180 Mich. App. 87, 95 (1989) (citing *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495, 500 (1988)). The Plaintiff must show Defendant breached its duty to Plaintiff, and that the breach caused her injury in order to prevail. *See Skinner v. Square D Co.*, 445 Mich. 153, 163–65 (1994) (discussing causation in the context of a product's liability suit). To establish causation, Plaintiff must demonstrate Defendant's breach of duty was the factual and legal cause of her injury. *Id.* That is, Plaintiff must show that

"but for" Defendant's breach she would not have been injured, and that the injury was a foreseeable consequence of Defendant's actions. *Id.*

Additionally, under Michigan law, property possessors do not have a duty to guard against open and obvious dangers, even to business invitees. "[W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Lugo v. Ameritech Corp.*, 464 Mich. 512, 516 (2001) (quoting *Riddle v. McLouth Steel Products Corp.*, 440 Mich. 85, 96 (1992)). The open and obvious doctrine is not an "exception" to the duty owed invitees by land owners, but "an integral part of the definition of that duty." *Lugo*, 464 Mich. at 516. That is, there is no duty in Michigan to protect invitees from hazards that are open and obvious, unless some "special aspect" of the hazard renders it particularly dangerous such that a land owner should anticipate harm from the hazard despite its open and obvious nature. *Id.* at 516–17. "[O]nly those special aspects that give rise to a uniquely high likelihood . . . or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Id.* at 518–19.

**IV**

As an initial matter, much of Plaintiff's response is not particularly helpful. Defendant did not claim that the alleged hazard was open and obvious, and even if it had, the claim would have been unsuccessful for two reasons. First, the alleged hazard was not open and obvious. Indeed, Defendant contends there was no hazard at all, and even if there were, it was so well concealed that there was no legal duty to discover it. Second, the fall occurred immediately in front of a prominent entrance to the store, a place so important to an invitee's safety that even open and obvious hazards

are unreasonably dangerous and may be actionable in tort. *Lugo*, 464 Mich. at 516–18.

The only issues remaining, then, are those raised in Defendant's motion and reply brief. First, whether Defendant's conduct caused the injury, and second, whether Defendant knew or should have known of the alleged condition at the time of the fall. The second issue raised by Defendant suggests that whatever the cause of the injury, Defendant did not breach its duty to make its premises reasonably safe for Plaintiff. Plaintiff has offered no evidence that Defendant breached the duty it owed to Plaintiff. Accordingly, Defendant has demonstrated the absence of a material issue of fact as to an essential element of Plaintiff's claim.

As noted, Plaintiff contends that Defendant over-waxed the floor by the entrance of the store, creating an unreasonably dangerous condition. Plaintiff further contends that Defendant breached its duty to remedy the dangerous condition or at least warn her of a hidden hazard. The only evidence that the floor was unreasonably dangerous due to "over waxing" are two photographs taken after the incident and the fact that Plaintiff fell. The photographs, taken at 1:05 p.m. on Sunday May 4, 2008, show a clean tile floor that shines in the glow of the overhead fluorescent lighting. [Dkt. # 15-B]. There are no visible defects in the floor. There is no debris on the floor. The floor is not wet. There is no ice. The floor is not dusty.

At her deposition, Plaintiff provided a similar assessment of the floor. After explaining that the store was well-lit and that she could see clearly at the time of the fall, Plaintiff testified that as she was getting up from the fall she noticed the floor was "like ice." Pl.'s Dep. at 53.

> Q   And when you say ice, what do you mean by ice?
> A   It was glared. I mean it was so – it was waxed so heavily.
> Q   And why do you think the floor was waxed?
> A   Well, I've seen pictures of it since.
> Q   How do you know that the floors were – Are you saying that the floor was shiny?

| | | |
|---|---|---|
| A | | It was shiny, yes. |
| Q | | How do you know that the floor just because it's shiny that there was wax on it? Why do you think there was wax on it? |
| A | | I'm sorry. |
| Q | | Why do you think there was wax on the floor? |
| A | | Well, something was on the floor that was shiny. I don't know what it was, what you use for it. I'm just stating that it was – when I was getting up I could see why – what had happened. |
| Q | | And what did you see? |
| A | | Shining floor. |
| Q | | The floor was shiny? |
| A | | Yes. |
| Q | | And it was the white tiled floor? |
| A | | Yes. |
| Q | | Did the area where you fell, did it appear shinier than any other part of the floor? |
| A | | It was shiny. I – No, it didn't. I can't say it did, because I didn't look at all the floor. |

Pl.'s Dep. at 53–54. Plaintiff has offered no other evidence that the floor was unreasonably dangerous.

"[T]he invitor is not a guarantor of the invitees' safety; his only duty is to exercise reasonable care for their protection." *Bryant*, 180 Mich. App. at 95. Plaintiff has not cited a single case for the proposition that a "shiny floor" is enough evidence that Defendant did not exercise reasonable care to present a jury question. There was no accumulation of snow, "black ice," or oil on the floor. *See Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85 (1992); *Slaughter v. Blarney Castle Oil Co.*, 281 Mich. App. 474 (2008); *Robertson v. Blue Water Oil Co.*, 268 Mich. App. 588 (2005); *McKim v. Forward Lodging, Inc.*, 266 Mich. App. 373 (2005), *rev'd*, 474 Mich. 947 (2005). Plaintiff did not fall from a rope ladder that was intentionally made difficult to climb. *Bragan ex rel. Bragan v. Symanzik*, 263 Mich. App. 324 (2004). She was not struck by a 700-pound bale of straw that had been hanging precariously in the air. *Jimkoski v. Shupe*, 282 Mich. App. 1 (2008). She fell on a "shiny floor."

Defendant is not an insurer of it business invitees; it is not strictly liable for the harm they may encounter on its premises. Defendant has no obligation to make its stores perfectly safe. Rather, Defendant's obligation is to exercise reasonable care to ensure its premises are in reasonably safe condition for its customers. *Kroll*, 374 Mich. at 371. The only reasonable conclusion from the evidence in this case is that Defendant understood that duty, and complied with it.

According to the affidavit of Joseph Smith [Dkt. # 13-C], a co-manager, multiple visual inspections—called "safety sweeps" by Wal-Mart employees—take place each day in the store. He checked the floor where the fall occurred and found it free from debris or other hazards on May 4, 2008, before the fall occurred. Affidavit J. Smith ¶¶ 3–4. He checked again after the incident, and found a "well maintained" floor "free from substances, spills, debris and/or any other type of materials." *Id.* ¶¶ 6–7. "Hundreds" of other customers walked through the entrance that day, and none of them reported problems with the floor. *Id.* ¶¶ 4–5. The affidavit of Daniel Smith [Dkt. # 13-D], an assistant manager, substantiates his co-manager's assessment of the floors and the steps taken by Defendant to ensure customer safety.

The evidence demonstrates that there is no genuine issue of material fact as to whether Defendant is liable for the injuries sustained by Plaintiff. Fed. R. Civ. P. 56. As a result, Defendant is entitled to judgment as a matter of law

**V**

Accordingly, it is **ORDERED** that the order to show cause [Dkt. # 17] dated April 26, 2010 is **DISMISSED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 13] is **GRANTED**.

It is further **ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 20, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 20, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS